IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA
for the use and benefit of REXEL, USA, INC.
d/b/a GEXPRO,

OPINION AND ORDER

18-cv-0207-slc

           Plaintiff,

   v.

MR ELECTRICAL, LLC,
CARLSON CONSTRUCTORS CORPORATION, and
LIBERTY MUTUAL INSURANCE COMPANY,

           Defendants.

---

This case presents multi-tiered contract disputes arising out of a federal public works project at the United States Army installation at Fort McCoy, which is located in this district. Defendant Carlson Constructors Corporation ("Carlson"), the prime contractor on the project, subcontracted with defendant MR Electrical, which in turn obtained supplies from plaintiff Rexel, USA, Inc. d/b/a Gexpro ("Gexpro"). Gexpro is suing MR Electrical under breach of contract for unpaid invoices for electrical supplies, dkt. 1, MR Electrical has cross-claimed against Carlson under breach of contract and related theories for Carlson's failure to pay it in full for its work, dkt. 21, and *both* MR Electrical and Gexpro are seeking recovery from Carlson and its surety, Liberty Mutual Insurance Company ("Liberty Mutual"), under a Miller Act Payment Bond pursuant to 40 U.S.C. § 3133 *et seq.* Dkts. 1, 21.

Liberty Mutual and Carlson have moved to dismiss both the cross-claim by MR Electrical and the initial suit by Gexpro under the doctrine of *forum non conveniens*. Dkt. 30. These defendants contend that this entire matter should be dismissed and refiled in Will County, Illinois based on Article 35 of the subcontract between Carlson and MR Electrical, which states:

> This contract shall be governed by the laws in effect in the State of Illinois. Venue as to any disputes arising under this contract shall be in Will County, Illinois[.]

Dkt. 31, at 2. Both Gexpro and MR Electrical oppose dismissal on various grounds. Dkts. 32, 33.

Under the Miller Act, prime contractors for the construction, alteration or repair of federal buildings must furnish a payment bond for contracts exceeding $100,000. 40 U.S.C. § 3131. Those who "furnished labor or material" for a covered contract may bring an action on the payment bond for any unpaid balance for labor or materials furnished. *Id*. § 3133(b)(1). Such an action "must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." *Id*. § 3133(b)(3)(B). This provision is a venue requirement and not a jurisdictional limitation. *See F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 125 (1974); *U.S. ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1116 (10th Cir. 1995); *U.S. ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enters., Inc.*, 62 F.3d 35, 36 (5th Cir. 1995) (per curiam); *U.S. ex rel. Capolino Sons, Inc. v. Elec. & Missile Facilities, Inc.*, 364 F.2d 705, 707 (2d Cir. 1966).

As such, the Miller Act's venue provision may be superseded by a valid forum selection clause. *B & D Mech. Contractors, Inc.*, 70 F.3d at 1116; *U.S. ex rel. Pittsburgh Tank & Tower, Inc.*, 62 F.3d at 36; *U.S. ex rel. Galvin Bros., Inc. v. Fidelity & Deposit Co.*, No. 14-CV-6051 (JS) (SIL), 2015 WL 5793346, *2 (E.D.N.Y. Sept. 30. 2015), *amended by* 2015 WL 6030267 (E.D.N.Y.

Oct. 14, 2015); *U.S. ex rel. Trinity Indus. Servs., LLC v. Fed. Ins. Co.*, No. 5:12-CV-203 (MTT), 2012 WL 4928907, at *2 (M.D. Ga. Oct. 16, 2012).[1]

However, *jurisdiction* of Miller Act claims is "exclusively federal." *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 645–46 (7th Cir. 1987) (citations omitted) (emphasis added). Thus, a forum selection clause may not alter the exclusive jurisdiction of the federal courts over Miller Act claims. *B & D Mech. Contractors, Inc.*, 70 F.3d at 1116; *Trinity Indus. Servs.*, 2012 WL 4928907, at *2. In practice, this means that a court cannot enforce a forum selection clause in a case involving a Miller Act claim when the alternate forum is a state court. *B & D Mech. Contractors*, 70 F.3d at 1116 (forum selection clause providing disputes under subcontract "shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas" was void and unenforceable); *Trinity Indus. Servs., LLC v. Fed. Ins. Co.*, No. 5:12-CV-203 MTT, 2012 WL 4928907, at *4 (M.D. Ga. Oct. 16, 2012) (forum selection clause providing that suits under subcontract "shall be filed and maintained in the state district court located in Oklahoma City, Oklahoma County, Oklahoma, or at Contractor's option and discretion, in the same state judicial district as, or nearest to, the project site" was invalid and unenforceable); *United States v. Liberty Mut. Ins. Co.*, No. CV152767LDWAYS, 2016 WL 1664906, at *2 (E.D.N.Y. Apr. 26, 2016) (forum selection clauses in subcontract were invalid because they mandated that all claims arising out of

---

[1] As an aside, Gexpro and MR Electrical are incorrect in arguing that Carlson and Liberty Mutual have waived their right to dismissal by failing to move under Fed. R. Civ. P 12(b)(3) for dismissal before answering the complaint and cross-claim. Defendants do not suggest that venue is "improper" in this district but only that the forum selection clause should take priority. Rule 12(b)(3) does not apply to this situation. *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) (proper mechanism to enforce forum selection clause specifying venue in state court is not Rule 12(b)(3) but is motion to dismiss based on *forum non conveniens*).

subcontract be filed in state court, precluding ability to bring a Miller Act claim in federal court); *U.S. for Use & Benefit of Gigliello v. Sovereign Const. Co.*, 311 F. Supp. 371, 373 (D. Mass. 1970) ("If [the forum selection clause] is to be interpreted as barring plaintiff from his right to bring his action in this court and requiring him to resort exclusively to the New York State courts for relief, then it is in direct contradiction to the provisions of the Miller Act and is therefore void.").

Here, Carlson and MR Electrical agreed that disputes under their subcontract would be heard exclusively in a state court forum. (There is no federal district court sitting in Will County, Illinois.) I note that in some cases, courts have been willing—without explanation----to enforce similar forum selection clauses where the parties interpreted the clause as providing for venue in a federal district that encompassed the state court identified in the clause. *See, e.g., Pittsburgh Tank & Tower*, 62 F.3d at 36 (affirming dismissal of Miller Act claim for improper venue based on forum selection clause, noting that "although the forum selection clause here refers to a county that apparently contains no federal court, both parties have treated the clause as providing for venue in the federal district court for the district of New Jersey"); *Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp.*, 810 F. Supp. 369, 370 (D.R.I. 1993) (although contract provided that "any claims arising under it shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas," court granted defendants' motion to transfer to federal district court in Western District of Texas). The Carlson defendants have not advanced a similar interpretation in this case, but even if they had, I would reject it. A forum selection clause "represents the parties' agreement as to the most proper forum." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). As with any other

contract provision, its terms must be enforced as written. *Accord B & D Mechanical Contractors*, 70 F.3d at 1118 (declining defendants' suggestion that federal district court for Western District of Texas was alternate forum, explaining that "neither they nor we can rewrite the subcontract to choose a valid forum for them.") Because there is no federal court in Will County, Illinois, as written the contract does not provide an avenue by which MR Electrical could bring its Miller Act claim. As such, it is unenforceable.

In light of this conclusion, it is unnecessary to address Gexpro and MR Electrical's alternative arguments opposing dismissal. The Carlson defendants' motion must be denied.

ORDER

IT IS ORDERED that the motion of Defendants Liberty Mutual Insurance Company and Carlson Constructors Corporation to dismiss on grounds of *forum non conveniens*, dkt. 30, is DENIED.

Entered this 22nd day of January, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge